```
UNITED STATES DISTRICT COURT                    C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                  :
BERNARD CHERRY,                                   :
                          Plaintiff,              :    **MEMORANDUM DECISION AND**
                                                  :    **ORDER**
            - against -                           :
                                                  :    16-cv-5708 (BMC)(LB)
NEW YORK CITY DEPARTMENT OF                       :
CORRECTION and ERIC YUEN, Attorney-               :
Trials and Litigation Division,                   :
                                                  :
                          Defendants.             :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Plaintiff *pro se*, a former New York City Department of Correction ("DOC") employee, brings this action against his former employer and the DOC attorney who prosecuted a disciplinary action against him before the New York City Office of Administrative Trials and Hearings ("OATH"). The hearing resulted in plaintiff's termination in 2007. In essence, plaintiff asserts that defendants used false and misleading documents before the hearing officer to support claims of excessive absenteeism and insubordination.

In 2008, plaintiff filed an action before me asserting essentially this same claim. He alleged that the real reason for bringing charges against him was racial discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Plaintiff made the same allegation that defendants used false and misleading documents and defective procedures in that case. It was dismissed on defendants' motion because plaintiff failed to timely file his administrative claim of discrimination within 300 days, as required by 42 U.S.C. § 2000e-5(e)(1). The Second Circuit affirmed the dismissal. Cherry v. City of New York, 381 F. App'x 57 (2d Cir. 2010).

In addition to his prior action challenging his termination in this Court, plaintiff brought an Article 78 proceeding in state court. He alleged that DOC had miscounted his sick days and that there was no substantial evidence to support his termination. He also asserted that the OATH hearing was procedurally deficient because the charges were not presented in the manner required by DOC's procedures manual, and because there was no substantial evidence to support the charge of insubordination. The Appellate Division affirmed the holding of the hearing court and the Supreme Court, rejecting his arguments:

> The findings that petitioner failed to effectively perform his duties in 2004 and 2005 due to excessive absenteeism and the excessive use of sick leave, and engaged in insubordinate conduct unbecoming of an officer in 2004 and 2006 by refusing to comply with numerous orders from superior officers, are supported by substantial evidence and we find no basis to disturb the findings of the Administrative Law Judge. . . .
>
> In light of the nature of petitioner's conduct, we find that the penalty imposed is not shocking to our sense of fairness.

Matter of Cherry v. Horn, 66 A.D.3d 556, 557, 887 N.Y.S.2d 82 (App. Div. 1st Dep't 2009) (citations omitted).

Construing the instant complaint in the light most favorable to the *pro se* plaintiff, he appears to be invoking this Court's ancillary jurisdiction to seek to vacate this Court's earlier judgment and obtain relief similar to that sought in the prior action. He has paid the filing fee and has submitted the form complaint for commencing a *pro se* action. In the form complaint's field for designating a jurisdictional basis for the action, plaintiff has checked the box for "federal question," but the only provision of federal law to which plaintiff refers is Federal Rule of Civil Procedure 60(d)(1) and (3) (preserving the common law right to commence an action in equity to set aside a judgment based on "fraud upon the court"). I am characterizing plaintiff's complaint as an independent action in equity to set aside the prior judgment because any other

characterization of plaintiff's complaint would leave the claim without subject matter jurisdiction, or barred by *res judicata* or the statute of limitations.[1]  See U.S. v. Beggerly, 524 U.S. 38, 118 S. Ct. 1862 (1998) (action in equity for relief from judgment does not require an independent basis for subject matter jurisdiction in cases of fraud on the court, provided that the fraud is sufficiently egregious).

Having so characterized plaintiff's complaint, however, does not mean that plaintiff has advanced a plausible or even a non-frivolous claim.  Because this Court dismissed his prior case on the ground that he failed to timely file his administrative discrimination claim, the only "fraud on the court" that could sustain an ancillary case to set aside that judgment would be one alleging that defendants somehow falsified the filing dates of his administrative discrimination claim as presented to this Court and that he did in fact timely file his administrative claim.

But that is not what he is contending.  Rather, he contends in this action, as he did in the prior action, that false documents regarding his attendance record and alleged insubordination were generated and used in the OATH proceeding.  It may be that in the instant case he is referring to different documents – the complaint is unclear – but the theory is the same.  Thus, if any tribunal was defrauded, it was OATH, or perhaps the state courts which reviewed the OATH proceedings for substantial evidence, but not this Court.  There is no plausible claim for egregious fraud on this Court and no basis for invoking this Court's ancillary jurisdiction.

---

[1] The characterization is not perfect.  For one thing, the defendants in the two actions are not identical.  In the 2008 case, plaintiff named a number of individual defendants, who were allegedly involved in the discriminatory acts or creation of false documents, the City of New York, and DOC, whereas in this action, he has named DOC and the DOC attorney who prosecuted the grievance action before OATH.  I do not think it matters.  Cf. W. Va. Oil & Gas Co. v. George E. Breece Lumber Co., 213 F.2d 702, 706-07 (5th Cir. 1954) (independent action to challenge judgment can name additional or different parties).  The individual defendants were all dismissed from the 2008 action because they cannot be sued under Title VII or the ADEA, and the DOCS attorney added here cannot be either.

In addition, the relief sought is somewhat different – plaintiff was seeking reinstatement in the 2008 action, among other things, and no longer is – but these differences are due to the passage of time and are a tolerable reformulation of relief in an ancillary case to set aside a judgment.

Finally, I note that because the Second Circuit affirmed the dismissal of plaintiff's prior action, plaintiff cannot maintain this action without first obtaining permission from the Second Circuit. See e.g. Geuder, Paeschke & Frey v. Clark, 288 F.2d 1 (7th Cir. 1961) (because the district court's prior order had been affirmed on appeal, "the District Court was correct in holding that it did not have jurisdiction to entertain the independent action without leave having first been obtained from this Court.").

I recognize that plaintiff has paid the filing fee to commence this action. However, even if a plaintiff has paid the court's filing fee, a district court must dismiss the case *sua sponte* if it determines that it lacks subject matter jurisdiction or that the action is frivolous. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000); see also Paige v. City of New York, No. 10 CV 5469, 2011 WL 3701923, at *2 (E.D.N.Y. Aug. 23, 2010). There is no possible basis upon which plaintiff can invoke this Court's ancillary jurisdiction based upon his theory of the case.

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction and failure to state a claim. The Clerk of Court is directed to enter judgment. Although plaintiff paid the filing fee to initiate the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
      October 21, 2016